IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

STACEY TATROE,

                Plaintiff,

v.

COBB COUNTY, GEORGIA, et al.,

                Defendants.

1:04-cv-1074-WSD

**OPINION AND ORDER**

The matter is before the Court on the Motion for Judgment as a Matter of Law filed by Defendant Tony Wheeler [114, 120].

**I.   INTRODUCTION AND FACTUAL BACKGROUND**

This is an action under 42 U.S.C. § 1983 ("Section 1983") in which Plaintiff alleged her former employer (Defendant Cobb County) and her former supervisor (Defendant Wheeler) retaliated against her for constitutionally-protected speech in violation of the First and Fourteenth Amendments.

On March 7, 2006, the Court denied Defendant Wheeler's motion for summary judgment on the basis of qualified immunity. The Court found "that the record [on summary judgment] does not indisputably indicate that Wheeler's

decisions regarding Plaintiff's employment were in fact motivated, at least in part, by objectively valid reasons." Opinion and Order (Mar. 7, 2006) [57] at 44.

Defendant Wheeler filed an interlocutory appeal challenging the Court's denial of qualified immunity. On March 29, 2007, the Eleventh Circuit affirmed, holding that Wheeler was not entitled to qualified immunity because "the record does not indisputably indicate that the alleged adverse employment actions taken by Wheeler were motivated, at least in part, by lawful considerations." Tatroe v. Wheeler, 221 Fed. App'x 899, 900 (11th Cir. 2007) (emphasis in original) (citing Stanley v. City of Dalton, 219 F.3d 1280, 1296 (11th Cir. 2000); Foy v. Holston, 94 F.3d 1528, 1534-35 (11th Cir. 1996); Johnson v. City of Fort Lauderdale, 126 F.3d 1372, 1379 (11th Cir. 1997)).

On March 17, 2008, the Court held a jury trial on Plaintiff's claims against Defendant Cobb County and Defendant Wheeler.

On March 20, 2008, at the close of evidence, Defendant Wheeler moved for judgment as a matter of law on the basis of qualified immunity.[1] The Court

---

[1] Defendant Cobb County also moved for judgment as a matter of law on the grounds that Defendant Wheeler was not a final policymaker such that Cobb County could be held liable for Wheeler's decisions. The Court granted the motion and dismissed Cobb County.

deferred ruling on the motion until the trial was completed and the parties had been given the opportunity to brief the issue.

On March 20, 2008, the jury returned a verdict in Plaintiff's favor against Defendant Wheeler in the total amount of $2,414.00 based on Wheeler's conduct in taking the following actions: (1) failing to compensate Plaintiff for CPR courses she taught in August/September 2003; (2) issuing a written reprimand to the Plaintiff in December 2003; and (3) prohibiting the Plaintiff from working overtime on shifts supervised by Ms. Rogers in January/February 2004. Jury Verdict [119].

Following the verdict, at the request of Defendant Wheeler, the Court submitted a Special Interrogatory to the Jury to resolve whether Defendant Wheeler had a lawful motive for the three actions which the jury determined constituted unconstitutional retaliation against Plaintiff. The Special Interrogatory, which was proposed and approved by Defendant Wheeler at the charge conference, asked:

> **Did Defendant Tony Wheeler have a substantial lawful motive for:**
>
> (a)  Failing to compensate Plaintiff for CPR courses she taught in August/September 2003:

>>(c)    Issuing a written reprimand to the Plaintiff in December 2003:
>
>>(e)    Prohibiting the Plaintiff from working overtime on shifts supervised by Ms. Rogers in January/February 2004:

Special Interrogatory to the Jury [117].[2] Following additional deliberation, the jury found that Defendant Wheeler did not have a substantial lawful motive for any of the three actions for which the jury had found him liable for retaliatory conduct.[3]

## II.   DISCUSSION

### A.   <u>The Standard on a Motion for Judgment as a Matter of Law</u>

Federal Rule 50(a) provides:

> (1) In General.  If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party

---

[2] The Special Interrogatory form originally referred to three other actions for which Defendant Wheeler was alleged to have been liable. Following the jury's verdict of liability on only three of the six total actions claimed, the Court, with the agreement of the parties, deleted from the Special Interrogatory form the three actions for which the jury found for Defendant Wheeler.

[3] The Court instructed the jury to interpret the phrase "substantial lawful motive" in accordance with the "common meaning" of those terms. Defendant Wheeler stated he had no objection to the Court's instruction to the jury regarding how to interpret "substantial lawful motive." Defendant Wheeler also insisted that the Special Interrogatories be answered by the jury.

>> on that issue, the court may:
>
> (A) resolve the issue against the party; and
>
> (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

"Under Rule 50, '[a] party's motion for judgment as a matter of law can be granted at the close of evidence or, if timely renewed, after the jury has returned its verdict, as long as there is no legally sufficient evidentiary basis for a reasonable jury to find' for the non-moving party." Chaney v. City of Orlando, 483 F.3d 1221, 1227 (11th Cir. 2007) (quoting Lipphardt v. Durango Steakhouse of Brandon, Inc., 267 F.3d 1183, 1186 (11th Cir. 2001)).  In assessing a Rule 50 motion, the Court focuses on the sufficiency of the evidence.  The Court must "review all of the evidence in the record and must draw all reasonable inferences in favor of the nonmoving party." Cleveland v. Home Shopping Network, Inc., 369 F.3d 1189, 1192-93 (11th Cir. 2004).  Credibility determinations, the drawing of inferences, and the weighing of competing evidence are functions for the jury, not the Court.  Id. at 1193.

## B.   <u>Qualified Immunity and the Use of Special Interrogatories</u>

"Qualified immunity offers complete protection for government officials sued in their individual capacities if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." <u>Wood v. Kesler</u>, 323 F.3d 872, 877 (11th Cir. 2003) (internal citations and quotations omitted), <u>cert. denied</u>, 540 U.S. 879 (2003).

The process for analyzing a defense of qualified immunity is well established:

> To be eligible for qualified immunity, the official must first establish that he was performing a "discretionary function" at the time the alleged violation of federal law occurred. Once the official has established that he was engaged in a discretionary function, the plaintiff bears the burden of demonstrating that the official is not entitled to qualified immunity. In order to demonstrate that the official is not entitled to qualified immunity, the plaintiff must show two things: (1) that the defendant has committed a constitutional violation and (2) that the constitutional right the defendant violated was "clearly established" at the time he did it.

<u>Crosby v. Monroe County</u>, 394 F.3d 1328, 1332 (11th Cir. 2004) (internal citations omitted). The qualified immunity defense protects "all but the plainly incompetent or those who knowingly violate the law." <u>Malley v. Briggs</u>, 475 U.S. 335, 341

(1986). Whether qualified immunity applies is a question of law for the Court. Ansley v. Heinrich, 925 F.2d 1339, 1348 (11th Cir. 1991).

In Section 1983 cases, determining whether the defendant violated a "clearly established" right requires the Court to consider whether the defendant's intent in taking allegedly retaliatory actions was motivated, at least in part, by lawful considerations. "Where the facts assumed for summary judgment purposes in a case involving qualified immunity show mixed motives (lawful *and* unlawful motivations) and pre-existing law does not dictate that the merits of the case must be decided in plaintiff's favor, the defendant is entitled to immunity." Foy, 94 F.3d at 1535 (emphasis in original). In these "mixed-motive" cases, the defendant is entitled to qualified immunity if the evidence indisputably establishes that the defendant had a "substantial lawful motive for acting as he did act," id. at 1534, or that the defendant was motivated, at least in part, by lawful considerations. Stanley, 219 F.3d at 1296; see also Johnson, 126 F.3d at 1379 (looking to the existence of an "indisputable and adequate lawful motive"). If the defendant cannot show that he possessed, at least in part, a lawful motive for acting as he did, then he is not entitled to qualified immunity for his conduct.

Although the question of whether qualified immunity applies is a question that should be decided by the Court as soon as possible, and often at the summary judgment stage, defendants who are not successful earlier may re-assert their qualified immunity defense at the close of evidence in a Rule 50(a) motion. Johnson v. Breeden, 280 F.3d 1308, 1317 (11th Cir. 2002). "That type of motion will sometimes be denied because the same evidence that led to the denial of the summary judgment motion usually will be included in the evidence presented during the plaintiff's case . . . ." Id. at 1317-18. The Eleventh Circuit has recognized, however, that a defendant is entitled to have factual disputes upon which his qualified immunity defense turns decided by a jury "so that the court can apply the jury's factual determinations to the law and enter a post-trial decision on the defense." Id. at 1318.[4] In such a case, the Eleventh Circuit has instructed that "the use of special jury interrogatories going to the qualified immunity defense is not discretionary with the court . . . . But the failure to give requested jury interrogatories may not be error, or if error may be harmless, where the jury verdict

---

[4] Although Defendant Wheeler asks the Court to disregard the jury's factual findings on this issue, he recognized that at trial the fact-finder may resolve whether the defendant in fact possessed a lawful motive. Def.'s Post-Trial Br. Regarding Qualified Immunity [120] at 8.

itself, viewed in the light of the jury instructions, and any interrogatories that were answered by the jury, indicate without doubt what the answers to the refused interrogatories would have been, or make the answers to the refused interrogatories irrelevant to the qualified immunity defense." Id.; accord Cottrell v. Caldwell, 85 F.3d 1480, 1487 (11th Cir. 1996); Stone v. Peacock, 968 F.2d 1163, 1166 (11th Cir. 1992).

### C.   Analysis

The Court was presented in this case with the same situation discussed at length in Johnson v. Breeden. The Court initially denied qualified immunity to Defendant Wheeler because the record on summary judgment revealed disputed questions over whether Wheeler's intent combined both lawful and unlawful motives. The Eleventh Circuit affirmed the Court's denial of qualified immunity. As Plaintiff presented generally the same evidence at trial as was presented on summary judgment, the same factual dispute existed at the close of evidence, and the Court therefore deferred its Rule 50 determination.

After the jury returned a verdict partially in Plaintiff's favor, the Court, specifically at the suggestion of Defendant Wheeler, asked the jury through special interrogatory to determine the precise factual issue determinative of whether

Wheeler receives immunity: whether he had a "substantial lawful motive" for taking his actions.[5]  The jury responded that he did not.

Defendant Wheeler now argues the jury's factual findings in the special interrogatory should be disregarded.  Under Rule 50, the Court is empowered to grant judgment as a matter of law in Wheeler's favor only if the Court finds that the evidence presented at trial was insufficient to sustain the jury's factual findings.  Chaney, 483 F.3d at 1227.  Upon review of the evidence presented at trial, the jury possessed sufficient evidence to conclude that Wheeler lacked a substantial lawful motive.  Indeed, the Court's instructions to the jury required them to determine (1) whether Wheeler's actions were "substantially motivated" by Plaintiff's speech activities, and (2) whether Wheeler would not have taken retaliatory actions but for Plaintiff's speech activities.  In returning a verdict in Plaintiff's favor, the jury necessarily answered both those questions in the affirmative.  The jury's response to the special interrogatory confirms that Wheeler lacked a lawful motive in taking

---

[5] Wheeler suggested, and the Court agreed, that the jury's answer to whether Wheeler possessed of a "substantial lawful motive" for his conduct would settle the dispute of fact over his potential mixed-motive.  Defs.' Amended Verdict Form [101] at 2; see also Foy, 94 F.3d at 1534.  The Court also notes that the Special Interrogatory form submitted to the jury was in all material respects a verbatim copy of the special interrogatory form proposed by Defendant Wheeler.  See Def.'s Amended Verdict Form [101].

his actions. Having found that Wheeler did not have a substantial lawful motive for taking the actions against Plaintiff for which he has been found liable, the Court concludes that Wheeler's only substantial motive was to unconstitutionally retaliate against Plaintiff.[6] Wheeler thus violated Plaintiff's clearly established constitutional right and is not entitled to qualified immunity.

### III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Wheeler's Motion for Judgment as a Matter of Law [114] is **DENIED**.

The Court hereby enters **JUDGMENT FOR PLAINTIFF AGAINST DEFENDANT WHEELER** in the amount of **$2,414.00**.

---

[6] The Eleventh Circuit has not articulated a completely-consistent standard for mixed-motive cases. Compare Foy, 94 F.3d at 1534 ("substantial lawful motive"), with Stanley, 219 F.3d at 1296 (defendant was motivated "at least in part, by lawful considerations"), and Johnson v. Fort Lauderdale, 126 F.3d at 1379 ("indisputable and adequate lawful motive"). The Court finds, however, based on the evidence presented at trial and the jury's response to the Special Interrogatories, that in this case Defendant Wheeler would have lacked a lawful mixed motive under any of the standards quoted above. Regardless, Defendant Wheeler suggested the standard quoted from Foy and continues to assert that it is the correct standard to apply in this case. Def.'s Post-Trial Br. Regarding Qualified Immunity [120] at 8-9 ("Thus, in a mixed-motive case, even if a decision-maker has a substantial unlawful motive, he is entitled to qualified immunity so long as he also has a substantial lawful motive.").

**SO ORDERED** this 27th day of March 2008.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE